1

**KAREN L. BASHOR, ESQ.**
Nevada Bar No. 11913

2

**JONATHAN A. RICH, ESQ.**
Nevada Bar No. 15312

3

**WILSON, ELSER, MOSKOWITZ,**
**EDELMAN & DICKER LLP**

4

6689 Las Vegas Boulevard, South, Suite 200
Las Vegas, NV  89119

5

T (702) 727-1400; F (702) 727-1401
karen.bashor@wilsonelser.com

6

jonathan.rich@wilsonelser.com
*Attorneys for Defendant Daniel Herer*

7

8

## UNITED STATES DISTRICT COURT

9

## DISTRICT OF NEVADA

10

11

| | |
|---|---|
| HERER BRANDS INC., a Nevada corporation, | CASE NO: |
| Plaintiff, | |
| vs. | **DEFENDANT DANIEL HERER'S REMOVAL PETITION** |
| DANIEL HERER, an individual, and DOES 1 through 10, inclusive; ROE BUSINESS ENTITIES, 1 through 10, inclusive, | |
| Defendants. | |

12

13

14

15

16

17

   Defendant Daniel Herer, petitions to remove this case to the United States District Court for

18

the District of Nevada from the Eighth Judicial District Court for the State of Nevada.  This petition

19

for removal is signed per Rule 11.

20

   Removal is appropriate per 28 U.S.C. § 1441 because diversity jurisdiction is present per 28

21

U.S.C. 1332.  Plaintiff alleges it is a Nevada corporation.[1] Defendant Daniel Herer is and has always

22

been, a resident of the State of California.

23

   The amount in controversy is also satisfied.  As part of its July 12, 2023 Complaint, Plaintiff

24

alleged that the amount in controversy exceeded $50,000.00.[2] Moreover, Plaintiff has asserted seven

25

(7) causes of action against Defendant, with Plaintiff seeking both compensatory and punitive

26

27

---

[1] ECF 1-1 at p. 2:1.

28

[2] ECF 1-1 at ¶ 15.

damages for no less than six (6) of those causes of action, along with both prejudgment and post-judgement interest.[3]

At issue in Plaintiff's Complaint, are allegations centering on the alleged conduct of Defendant Daniel Herer, and the alleged impact on Plaintiff's business opportunities that resulted from Defendant's aforementioned conduct. Specifically, Plaintiff's Complaint identifies three (3) separate contracts referred to as (1) the Arizona Contract[4]; (2) the Colorado Contract[5]; and the Legacy Contract[6]. Plaintiff's Complaint further alleges that as a result of Defendant's conduct, Plaintiff "lost numerous contractual and economic relations, including the Arizona Contract, the Colorado Contract, and the Legacy Contract."[7]

The Arizona Contract, as referenced in Plaintiff's Complaint is known to concern a trademark licensing agreement with KORCANNABIS ARIZONA, LLC (hereinafter "KOR"), an Arizona limited liability company.[8] The trademark licensing agreement was intended to provide KOR with the right to cultivate, manufacture, process, package, distribute, source, and/or provide specific cannabis products within the State of Arizona. The trademark licensing agreement include an annual royalty payment of $200,000.00, along with monthly payments for 10% of the gross sales from the aforementioned products, to be paid by KORCANNABIS ARIZONA, LLC.[9] Based upon Plaintiff's Complaint, the lost business opportunity would have been inclusive of this annual royalty payment and the subsequent monthly payments set forth therein.

As a result, the amount in controversy from just the Arizona Contract alone would satisfy the requisite $75,000.00 to justify removal of the present action. When combined with Plaintiff's additional claims of further lost business opportunities from other similar trademark licensing agreements, as well as Plaintiff's prayer for punitive damages, it is clear that the amount in

---

[3] ECF 1-1 at pp. 14:20-15:25.
[4] ECF 1-1 at ¶ 25.
[5] ECF 1-1 at ¶ 26.
[6] ECF 1-1 at ¶ 27.
[7] ECF 1-1 at ¶ 39.
[8] ECF 1-2 at p.1.
[9] ECF 1-2 at ¶ 2(a).

285525003v.1

controversy exceeds $75,000.00, and that the requirements for removal based upon diversity jurisdiction, as set forth in 28 U.S.C. § 1332, have been met.

Based upon this, diversity jurisdiction is present and timely invoked.

DATED this 7th day of August, 2023

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP

By: /s/ Jonathan A. Rich, Esq.
KAREN L. BASHOR, ESQ.
Nevada Bar No. 11913
JONATHAN A. RICH, ESQ.
Nevada Bar No. 15312
6689 Las Vegas Boulevard, South, Suite 200
Las Vegas, NV  89119
*Attorneys for Defendant Daniel Herer*

285525003v.1

1

## CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5(b), I certify that I am an employee of WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP, and that on this 7th day of August, 2023, I served a true and correct copy of the foregoing **DEFENDANT DANIEL HERER'S REMOVAL PETITION** as follows:

☐    by placing same to be deposited for mailing in the United States Mail, in a sealed envelope upon which first class postage was prepaid in Las Vegas, Nevada;

☒    via electronic means by operation of the Court's electronic filing system, upon each party in this case who is registered as an electronic case filing user with the Clerk;

| |
|---|
| Robert A. Rabbat, Esq.<br>ENENSTEIN PHAM & GLASS LLP<br>11920 Southern Highlands Pkwy., Ste. 103<br>Las Vegas, NV 89141<br>*Attorneys for Plaintiff* |

BY /s/ Angela D. Rafferty

An Employee of

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

285525003v.1